UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELL JOHNSON,

   Plaintiff,

v.

CITY OF SOUTHFIELD, ET AL.,

   Defendants.
_____/

Case No. 18-12348

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [25, 28]**

Plaintiff Dell Johnson, through counsel, commenced this action on July 27, 2018. Defendant Southfield Neighborhood Revitalization Initiative, LLC ("NRI") filed a Motion to Dismiss [25] on September 18, 2018. Defendants Oakland County, Andrew Meisner, and Jody Weissler Defoe ("County Defendants") also filed a Motion to Dismiss [28] on that date. The motions are fully briefed.

The Court now finds the motions suitable for determination without a hearing, in accordance with Local Rule 7.1(f)(2). For the reasons discussed below, Defendants' motions to dismiss [25, 28] are **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Dell Johnson owned real property located at 5000 Town Center, #1304 ("the Property") in Southfield, Michigan. Mr. Johnson failed to pay his

Oakland County property taxes for 2013, 2014, and 2015 pursuant to M.C.L. § 211.78, the Michigan General Property Tax Act ("GPTA").

On June 7, 2016, the Oakland County Treasurer filed a petition in the Oakland County Circuit Court ("Circuit Court") to recover the unpaid taxes against the Property and moved for a judgment vesting the County with title to the Property. On February 8, 2017, the Circuit Court held a hearing, at which all parties with an interest in the Property had the opportunity to be heard, and entered a Judgment of Foreclosure ("Judgment") in the County's favor. The Judgment provided that title to the Property would vest in the County if Mr. Johnson failed to pay his delinquent taxes and fees by March 31, 2017. County Defs.' Ex. A. Mr. Johnson did not furnish payments for his outstanding tax liability by the required date.

On July 31, 2017, the County conveyed the Property to Defendant City of Southfield pursuant to M.C.L. § 211.78m(1). On October 31, 2017, the City conveyed the Property to Defendant NWI.

On March 21, 2018, Mr. Johnson moved to set aside the Circuit Court Judgment of Foreclosure for lack of due process. County Defs.' Ex. B. On April 30, 2018, the Circuit Court denied Mr. Johnson's motion, explaining:

> First, it is undisputed that [Johnson] did not pay as required under the plan. He has never made a payment under the 2014-15 plan. Second . . . . [the plan] clearly states that 'failure to comply will result in property tax foreclosure and loss of property.' Third, [Johnson] has not contended that he would have made the payment. Simply put, [Johnson]

was required to make payments, had the opportunity to make the payments, but did not do so.

County Defs.' Ex. D. Mr. Johnson filed a motion for reconsideration, which the Circuit Court denied on May 22, 2018. County Defs.' Ex. F. Mr. Johnson did not appeal.

Separately, NRI, the current owner of the Property, filed an action in the 46th District Court in Southfield ("Southfield District Court") to recover possession. On June 11, 2018, the Southfield District Court entered a Possession Judgment, recognizing NRI's right to recover possession of the Property and authorizing NRI to apply for Mr. Johnson's eviction if he did not move out by August 10, 2018. Def. NRI's Ex. C.

Instead of appealing the state courts' decisions, Mr. Johnson commenced this action on July 27, 2018. He filed an Amended Complaint [13] on August 27, 2018. Mr. Johnson alleges violations of his constitutional rights to due process, just compensation, and equal protection. On September 18, 2018, County Defendants filed a Motion to Dismiss [25] and NRI filed a Motion to Dismiss [28]. Mr. Johnson filed responses [31, 32] on October 6, 2018. Defendants filed replies [33, 34] on October 10, 2018.

## ANALYSIS

The *Rooker-Feldman* doctrine bars lower federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court

judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). As the Sixth Circuit has explained, "[i]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). As such, when a claim is barred by the *Rooker-Feldman* doctrine, the court must dismiss the claim for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Defendants correctly argue that the *Rooker-Feldman* doctrine requires dismissal of this action because the source of the injury in the Amended Complaint is the Circuit Court's Judgment of Foreclosure and subsequent order denying reconsideration of the Judgment.

"Plaintiff[] here present[s] a classic case for application of the *Rooker–Feldman* doctrine. [He] lost a state tax foreclosure action, which resulted in title passing to the Treasurer . . . ." *Anderson v. Cnty. of Wayne*, No. 10-cv-13708, 2011 WL 2470467, at *4 (E.D. Mich. June 20, 2011). Unhappy with the state court result, Mr. Johnson asks this Court to either set aside, or ignore, the state court Judgment and order the enjoinment of any subsequent conveyance of the Property. *See id.* Although Mr. Johnson couches his argument in constitutional terms, it is clear from the allegations that he merely seeks the appellate review of the state court's ruling.

Accordingly, the *Rooker-Feldman* doctrine prevents this Court from asserting jurisdiction over his claims.

Even if Mr. Johnson's claims were exempt from the application of *Rooker-Feldman*, they would nevertheless be barred by principles of *res judicata*. "Claim preclusion 'bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *Abbott v. Mich.*, 474 F.3d 324, 331 (6th Cir. 2007) (quoting *Adair v. State*, 470 Mich. 105, 680 N.W. 2d 386, 396 (Mich. 2004)).

Here, Mr. Johnson had numerous opportunities to present his case (and to pay his delinquent taxes). The Circuit Court ruled on the merits; the Circuit Court action and the instant action involve the same parties; and all issues raised here were either resolved, or could have been resolved, in the state court. Thus, Mr. Johnson's claims are barred by *res judicata*.

After losing in the Circuit Court, Mr. Johnson's recourse would have been to file an appeal. He failed to do so. Because this Court lacks subject-matter jurisdiction over this action, the Court **GRANTS** Defendants' motions to dismiss.

**IT IS ORDERED** that Defendant NRI's Motion to Dismiss [25] is **GRANTED**.

**IT IS FURTHER ORDERED** that County Defendants' Motion to Dismiss [28] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**SO ORDERED**.

Dated: January 8, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge